**PROFESSIONAL REVIEW ORGANIZATION OF FLORIDA, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**C.A. No. 84–2564.**

United States District Court, District of Columbia.

April 10, 1985.

Terrence O'Donnell, Williams and Connolly, Washington, D.C., for plaintiff.

Mary Coster Williams, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Professional Review Organization of Florida, Inc. ("PROFI") filed this action under the Freedom of Information Act, 5 U.S.C. § 552. The plaintiff seeks to compel disclosure of records relating to the evaluation of proposals submitted in response to a competitive procurement issued by the Department of Health & Human Services, as well as the proposal itself submitted by the

Professional Foundation for Health Care, Inc. ("PFHC"). This case is presently before the Court on cross-motions for summary judgment.

## Facts

The plaintiff, PROFI, was a bidder on a contract to be awarded pursuant to a competitive procurement by the Health Care Financing Administration of the Department of Health and Human Services. The contract, for which PROFI was one of three competitors, called for the operation of a physicians' professional standards review organization for the State of Florida. Professional standards review organizations are authorized by section 1151 of the Social Security Act, as amended, 42 U.S.C. 1320c, et seq., to provide for review of the provision of medical care under the Social Security Act. On July 15, 1984, the defendant awarded the contract to a bidder other than PROFI, the Professional Foundation for Health Care ("PFHC"). Pursuant to 4 C.F.R. Chapter 1, Subchapter B, Part 21, PROFI filed a bid protest on July 20, 1984 with the United States General Accounting Office. That protest is now pending before the General Accounting Office.

In this action plaintiff seeks certain records pertaining to the contract award not produced by the defendant pursuant to plaintiff's FOIA request.[1] On October 23, 1984, HFCA prepared indices of the withheld documents in accordance with the standards set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), enumerating eighteen categories of documents withheld from plaintiff pursuant to FOIA exemptions (b)(4), (5) and (6), 5 U.S.C. 552(b)(4), (b)(5) and (b)(6).

## FOIA Analysis

Passed by Congress in 1966, the FOIA, 5 U.S.C. § 552 (1982), was enacted to control executive secrecy. Pursuant to section 552(a)(3) of the Act, "any person" may request access to records in the possession of a federal agency. If the agency objects to such a request, it bears the burden of proving that its withholding of the requested records falls within one of the nine enumerated exempt categories listed in § 552(b). In this case, defendant seeks to withhold eighteen categories of documents pursuant to exemptions (b)(4), (5) and (6) of the FOIA.

## Exemption (b)(4)

██ In this action the defendant withheld specific sections of PFHC's technical proposal under exemption (b)(4), including lists of names of physicians who have agreed to serve as peer reviewers, a description of a proposed cardiac pacemaker review, a description of the organizational structure of PFHC including a detailed discussion of the staffing and duties assigned to each office, forms designed by PFHC to accomplish data collection, and a plan for private review process with an outline of data capability and processes. In order for information to come within exemption (b)(4), the information must be (1) commercial or financial, (2) obtained from a person outside of the government, and (3) privileged or confidential. *National Parks and Conservation Association v. Morton*, 498 F.2d 765 (D.C.Cir.1974); *Soucie v. David*, 448 F.2d 1067 (D.C.Cir.1971). The information at issue here clearly was commercial information submitted by a non-government entity. Therefore, the only contested issue is whether the records are confidential.

██ Information is privileged or confidential if it is not the type usually released to the public and, if released to the public, would cause substantial harm to the competitive position of the person from whom the information was obtained. *National Parks and Conservation Assn., supra*, 498 F.2d at 770 (D.C.Cir.1974). In order to show the likelihood of substantial competitive harm it is not necessary to show actual competitive harm; actual competition and

---

**1.** By cover letters dated August 2, August 15, and September 11, 1984, the defendant released

some records to the plaintiff.

the likelihood of substantial injury is all that is necessary. *Gulf and Western Industries, Inc. v. United States,* 615 F.2d 527, 530 (D.C.Cir.1979). The actual competition for the contract indicates that PROFI and HFCA are competitors. Although the defendant correctly points out that the withheld records are not technical drawings or product ingredients, they related to the manner in which PFHC conducts, or proposes to conduct its business under a contract for professional services, and are matters not normally shared with competitors. Clearly, HFCA would be injured if PROFI could learn this information. Therefore, this Court finds that the withheld documents fall within exemption (b)(4), and that judgment should be entered for the defendant on these items.

*Exemption (b)(5)*

In withholding records pertaining to the evaluation of the submitted bids, the agency relies on exemption (b)(5), which provides that disclosure requirements do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency...." 5 U.S.C. § 552(b)(5). This exemption extends to "the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context." *Taxation With Representation Fund v. IRS,* 646 F.2d 666, 676 (D.C.Cir. 1981).

■ The privilege which the defendant relies upon in this case is the "executive privilege" which protects advice, recommendations and opinions that form the core of the deliberative process of government. *Federal Open Market Committee v. Merrill Lynch,* 443 U.S. 340, 353, 99 S.Ct. 2800, 2808, 61 L.Ed.2d 587 (1979); *EPA v. Mink,* 410 U.S. 73, 86–87, 93 S.Ct. 827, 835–836, 35 L.Ed.2d 119 (1973); *Russell v. Department of the Air Force,* 682 F.2d 1045, 1047–48 (D.C.Cir.1982). The ultimate purpose of this privilege is to prevent injury to the quality of agency decisions. *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 151,

95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). Further, the Supreme Court has stated that documents shielded by executive privilege under exemption (b)(5) are to "remain privileged even after the decision to which they pertain may have been effected, since disclosure at any time could inhibit the free flow of advice, including analysis, reports, and expressions of opinions within the agency." *Federal Open Market Committee, supra,* 443 U.S. at 361, 99 S.Ct. at 2812. The Agency bears the burden of demonstrating that the records relating to the evaluation of the proposals submitted for consideration are predecisional and deliberative. 5 U.S.C. § 552(a)(4)(B); *Vaughn, supra,* 523 F.2d 1136, 1144, 1146 (D.C.Cir. 1975). The exemption is to be construed narrowly. *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854 at 862, 868 (D.C.Cir., 1980).

In this case the defendant has withheld the following documents under exemption (b)(5): (1) the statistical information presented to and considered by the HFCA in considering the bids; (2) the "pure facts" considered by the panel members and the evaluations made by such panel members on the basis of those facts; (3) the facts considered dispositive by the agency staff in evaluating the proposals of the bidders, as well as the agency's use of such facts in its decision to award the contract to the defendant; and (4) the computer-generated score sheets, with the rating categories completed and containing the panel member's scores and the rationale behind the rating for each of the quality objectives of each proposal. These documents formed the basis for the award of the contract and contain evaluations upon which the subsequent award was to be made. Therefore, they were generated "antecedent to the adoption of agency policy." *Jordan v. U.S. Dept. of Justice,* 591 F.2d 753, 774 (D.C. Cir.1978). In construing exemption (b)(5), which is designed to protect the deliberative process, the Supreme Court has recognized a distinction between "materials reflecting deliberative or policymaking processes on one hand, and purely factual, investigative matters on the other." *EPA*

*v. Mink*, 410 U.S. at 89, 93 S.Ct. at 837. Plaintiff therefore contends that even if a document is pre-decisional, "the privilege applies only to the 'opinion' or 'recommendation' portion of the document, and not to the factual information which is contained in the document." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d at 867. Facts in a pre-decisional document generally must be disclosed unless they are "inextricably intertwined" with exempt portions. *Ryan v. Dept. of Justice*, 617 F.2d 781, 790–91 (D.C.Cir.1980). However, this Court has recognized that where disclosure of even "purely factual material" would reveal an agency's decision-making process exemption (b)(5) applies. *Mead Data Central, Inc. v. U.S. Dept. of the Air Force*, 566 F.2d 242, 256 (D.C.Cir.1977).

 The plaintiff's requests for statistical information, panel members' point scores and evaluations, opinions and recommendations must be denied. The score sheets, opinions, impressions and recommendations rest within exemption (b)(5) in that they necessarily reveal the deliberative process even where they may contain factual information. In *Arthur Andersen & Co. v. I.R.S.*, 679 F.2d 254, 257 (D.C.Cir. 1982), the court found that opinions, advice and recommendations reflect the "give-and-take of the deliberative process." Further, this Court finds the scores awarded by the panel members to be numerical expressions of opinion rather than "facts." These numerical scores are the panel members' expression of opinion regarding the quality of the proposal. *Orion Researchers, Inc. v. EPA*, 615 F.2d 551 (1st Cir.1980). This Court finds, however, that plaintiff should be permitted to verify what factors members of the panel considered in their evaluation of the contract proposals. Therefore, this Court finds that the defendant should release to the plaintiff the computer-generated score sheets, deleting the panel members' scores and recommendations, reflecting only the rating categories included on the sheet. Judgment shall be entered accordingly.

*Exemption (b)(6)*

Exemption (b)(6) permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. 552(b)(6). In order to sustain the withholding of information under this exemption a balancing of the privacy interest of the individuals and the public interest is required. *Department of the Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). Exemption (b)(6) is unique in its use of balancing. Generally no inquiry "into the use of information is made available to any person." *Rural Housing Alliance v. U.S. Dept. of Agriculture*, 498 F.2d 73, 77 (D.C. Cir.1974).

In *Department of the Air Force v. Rose*, the Court observed that Congress made a considered choice when it imposed the balancing "clearly unwarranted" test. 425 U.S. at 378 n. 16, 96 S.Ct. at 1607 n. 16. This phrase is "the major restraining feature" of (b)(6) which controls the ability of the agency to withhold information about persons. *Id.* Thus, the (b)(6) exemption seeks to strike a balance between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to gain access to government held information.

 In *Rose*, the Court went on to hold that the public's right to government information, and not the specific interest of a person seeking disclosure in the particular case, must be weighed against the individual subject's right to privacy. *Dept. of the Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). The plaintiff objects to FHCA's withholding of fifty-nine pages of resumes of proposed professional staff members to be utilized by PFHC under the contract. This Court finds that the professional credentials and other personal information contained in this information give rise to a legitimate privacy concern which the defendant may assert under exemption (b)(6). *See Department of State v. Washington Post Co.*, 456 U.S. 595, 599–603, 102 S.Ct. 1957, 1959–1962, 72 L.Ed.2d

358 (1982). This circuit has held that when there is a privacy interest, as this Court finds here, it should prevail against a private commercial interest such as plaintiff's bid protest. *See Public Citizen Health Research Group v. Department of Labor,* 591 F.2d 808, 809 (D.C.Cir.1978); *Wine Hobby, Inc. v. IRS,* 502 F.2d 133, 137 (3rd Cir.1974). Therefore, this Court finds that the withheld resumes properly fall within exemption (b)(6).

An order consistent with the terms of this opinion shall be issued.