**Liesbeth DUDA, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 86–3877.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 1987.

Robert G. Rubin (argued), Canton, Ohio, for plaintiff-appellant.

Carla D. Moore, Asst. U.S. Atty., Carolyn Watts Allen (argued), Cleveland, Ohio, for defendant-appellee.

Before GUY and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*

PER CURIAM.

Liesbeth Duda appeals the district court's dismissal of her appeal from a decision of the Appeals Council remanding her case for further proceedings before the Administrative Law Judge (ALJ). We agree with the district court that we do not have subject matter jurisdiction under 42 U.S.C. § 405(g) to review the decision of the Appeals Council because the remand order was not a final decision by the Secretary. We therefore affirm the district court's dismissal of Duda's complaint.

Duda applied for a period of disability and disability insurance benefits on November 14, 1984, claiming multiple impairments including an inability to use her right wrist due to a bone fusion, and arthritis, lower back, and hip pain further limiting her ability to work. A hearing was held before an ALJ on September 24, 1985.

The ALJ found that Duda's wrist impairment met the listings under Appendix I to Subpart P of 20 C.F.R. § 404, so that she was completely disabled from November 23, 1983 to March 22, 1985. The ALJ further found that Duda's other impairments prevented her from performing more than sedentary work after March 22, 1985, and that she had nonexertional limitations preventing her from performing work which required flexion or extension of the right wrist, rapid movements of her neck, or reaching above shoulder level with her arm. The ALJ found that she was of advanced age, limited education, and did not have any transferable skills, and was thus disabled under Rule 201.02, Appendix 2 to Subpart P of 20 C.F.R. § 404.

The Appeals Council reviewed the ALJ's decision on its own motion. The Appeals Council affirmed the ALJ's finding that Duda met the listings prior to March 22, 1985, and extended the period of disability two days from November 25, 1983 to No-vember 23, 1983. The Appeals Council, however, disagreed with the ALJ's finding of disability after March 22, 1985, finding that the record showed that Duda retained the residual functional capacity to perform a restricted range of light work as she could lift up to 25 pounds and there was no impairment of her ability to sit, stand, or walk. The Council found that Duda's past work as a quality inspector for the steel industry was defined as a skilled job and that therefore she might have acquired transferable skills. The Council thus vacated the ALJ's decision and remanded for further proceedings. The ALJ was instructed to take testimony concerning Duda's transferable skills from a vocational expert. The Council order stated that when "the Administrative Law Judge issues the decision, the claimant and her representative will be given notice of the right to request review by the Appeals Council if she disagrees with the decision in whole or in part." A copy of the Council's order was mailed to Duda.

However, the cover letter accompanying the order mistakenly informed Duda that if she desired a court review of the decision, she had to file in district court within sixty days from receipt of the letter. Duda therefore filed a complaint within that time period. The case was referred to a magistrate for all proceedings. The magistrate granted the Secretary's motion to dismiss on August 7, 1986, holding that the district court lacked subject matter jurisdiction because the remand order was not a final decision of the Secretary which the court could review under 42 U.S.C. § 405(g).

■ After consideration, we agree with the magistrate that the remand order was not a final reviewable decision and that the inadvertent notice sent to Duda did not constitute a waiver by the Secretary of the finality requirement.

■ On appeal, Duda also argues that the Appeals Council order is void because it was undertaken on the council's own mo-

* Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation.

tion under the Bellmon Review Program, which was declared void in part by the Ninth Circuit in *W.C. v. Bowen*, 807 F.2d 1502 (9th Cir.1987), as an exercise of substantive rule-making without the proper notice and comment procedures required by the Administrative Procedures Act, 5 U.S. C. §§ 551(4), 553(b) & (c).

This argument has no force within the Sixth Circuit. We have clearly held that the Appeals Council has the power to initiate review of an ALJ decision for any reason whatsoever under 20 C.F.R. § 404.969, and that the required reasons for review contained in 20 C.F.R. § 404.970(a)[1] do not limit the Appeals Council's power to review for other reasons, but rather set out the situations where the Appeals Council *must* review the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 543 (6th Cir.1986) (en banc). Therefore, the Appeals Council had the authority to review Duda's case on its own motion.

Accordingly, we AFFIRM the district court's dismissal of Duda's complaint for lack of subject matter jurisdiction. The order of the Appeals Council remanding for further proceedings before the ALJ is not disturbed.

---

1. § 404.970(a) states:
   (a) The Appeals Council will review a case if—
   (1) There appears to be an abuse of discretion by the administrative law judge;
   (2) There is an error of law;
   (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
   (4) There is a broad policy or procedural interest that may affect the general public interest.

§ 404.969 states:
   Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself *may* decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address. (Emphasis added).