**Richard L. DAWSON, Plaintiff,**

v.

**Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.**

No. C–2–84–1353.

United States District Court, S.D. Ohio, E.D.

March 4, 1988.

Elizabeth A. Corcoran, Barkan & Neff, Columbus, Ohio, for Richard L. Dawson.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for Otis R. Bowen, M.D., Secretary of Health and Human Services.

**ORDER**

TERENCE P. KEMP, United States Magistrate Judge.

In this social security disability action, a dispute has arisen over the proper scope, if any, of the Plaintiff's ability to gain infor-

mation through discovery. The Secretary originally found that Plaintiff did not suffer from a severe impairment. That conclusion was found to lack substantial evidence in support of it, and the case was remanded for a continuation of the sequential evaluation process. Upon remand, the Secretary again denied benefits. After the record of completed remand proceedings was filed in this Court, the Plaintiff served a request for production of documents upon the Secretary, asking to review all documents used by the Secretary or his agents in reaching the decision below, whether or not such documents are a part of the administrative record.

When the Secretary did not produce the requested documents, the Plaintiff filed a motion to compel discovery on September 22, 1987. The Secretary had earlier served upon the Plaintiff a response to the request for production and submitted that response to the Court, along with an additional response, in a document for which leave to file instanter was granted on November 3, 1987. Plaintiff filed a reply memorandum on October 28, 1987 and an affidavit of counsel the same day. Plaintiff also requested an extension of time within which to move for summary judgment and an oral argument on the motion to compel.

Notwithstanding the unresolved nature of the discovery dispute, Plaintiff filed a summary judgment motion on February 10, 1988, and attached copies of documents that had been obtained pursuant to a Freedom of Information Act request. Assuming that the filing of the motion rendered the discovery dispute moot, I dismissed the motion to compel without prejudice to its renewal in an order dated February 12, 1988. On February 19, 1988, Plaintiff filed a motion for reconsideration asserting that the redacted state of the documents received under his Freedom of Information Act request made his request for discovery still important. Although the motion is styled as one for reconsideration, I will construe it as a renewal of the discovery motion and will grant that motion.

The basis of Plaintiff's motion is succinctly set forth in the affidavit of counsel.

Although this Court's review of a final decision of the Secretary denying an application for social security disability benefits is limited to a determination of whether substantial evidence *on the record* supports the Secretary's determination, the affidavit states that counsel has received documents used by the Secretary but not made a part of the record in other similar cases, and that he has a good faith belief that such documents exist in this case. The Secretary did not deny the existence of such records (and the documents received by Plaintiff pursuant to his Freedom of Information Act request confirm that such documents exist), but asserted that the only admissible evidence in a social security case is that which is contained in the record. The Secretary also states that to permit such discovery in each social security case would unduly burden the processing of such cases, and that in any individual case where counsel believes that a document has been omitted from the record, an informal request to have the transcript of proceedings supplemented would cure the defect.

The attachments to Plaintiff's summary judgment motion clearly prove that there are documents other than those appearing as a part of the record that were used by the Appeals Council in some fashion in making the determination that Plaintiff is not entitled to disability benefits. The attached documents consist of a medical opinion from M. Louis Offen, M.D. reviewing the facts of Plaintiff's case and setting forth conclusions as to some of the medical evidence of record. Portions of the document containing what are described as "predecisional opinions and analysis" were deleted from Dr. Offen's memorandum. The precise issue raised by Plaintiff's discovery request is whether the disclosure of any additional portions of this document, or other such documents, if they exist, is reasonably calculated to lead the Plaintiff to evidence admissible in this proceeding. F.R.Civ.P. 26.

Treating the issue strictly as one of allowable discovery, the analysis must begin with the question of what evidence is admissible before this Court in an action seek-

ing review of the Secretary's denial of disability benefits. If there is no evidence admissible on the issues presented for review, it seems unlikely that any discovery is permitted. "While Rule 26 should not be read narrowly, it plainly precludes [discovery] in those situations where no evidence could be admitted in any event." *Interstate Investors, Inc. v. United States*, 287 F.Supp. 374 (S.D.N.Y.1968), *aff'd* 393 U.S. 479, 89 S.Ct. 707, 21 L.Ed.2d 687 (1969).

■ It is well-settled law that an action to review the determination of the Secretary is not a trial *de novo* in the District Court. *Domanski v. Celebrezze*, 323 F.2d 882 (6th Cir.1963), *cert. denied* 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976 (1964). Evidence other than that contained in the administrative record can be submitted only for the limited purpose of securing a remand to consider newly discovered, material evidence. 42 U.S.C. Section 405(g). Even then, the court does not consider whether that new evidence is sufficient to change the Secretary's decision, but remands the case so that the Secretary may consider whether the evidence is sufficiently persuasive to change the result of the case. *Wilson v. Secretary of H.H.S.*, 733 F.2d 1181 (6th Cir.1984); *Igonia v. Califano*, 568 F.2d 1383 (D.C.Cir.1977). Even the Secretary may not introduce evidence that is not part of the certified transcript of the proceedings. *Atteberry v. Finch*, 424 F.2d 36 (10th Cir.1970).

Applying these principles, several courts have implied that discovery is not available in an action seeking review of a social security disability determination. *See, e.g., Igonia v. Califano, supra*, at 1389; *Pippin v. Richardson*, 349 F.Supp. 1365 (M.D.Fla. 1972). In other, similar contexts involving review of agency determinations under either a "substantial evidence" or "some evidence" standard, courts have directly refused to allow discovery. *Elm Grove Savings & Loan Ass'n v. Federal Home Loan Bank Bd.*, 391 F.Supp. 1041 (E.D.Wisc. 1975); *Couch v. Udall*, 265 F.Supp. 848 (W.D.Okla.1967), *aff'd* 404 F.2d 97 (10th Cir.1968). The bases of these decisions is

that if the record as it exists supports the Secretary's decision, then consideration of other evidence would not change that result. Conversely, if the record is inadequate to support the decision, additional evidence would not change that result either. Further, any evidence produced in response to discovery would not increase the likelihood of a remand, because the evidence requested by the Plaintiff in this case is presumably evidence already considered by the Secretary in reaching the decision now challenged.

■ However, there are circumstances under which courts have allowed discovery in a social security case. For example, in *Hummel v. Heckler*, 736 F.2d 91 (3d Cir. 1984), the court allowed discovery directed to the issue of whether the administrative law judge was biased, reasoning that evidence of bias could lead to a remand for reconsideration by an impartial decisionmaker. Thus, the issue to which discovery was directed was relevant to the issue of remand. As noted in *Goodrich v. Heckler*, 628 F.Supp. 187 (D.Conn.1987), however, that decision should not be read to authorize discovery in all social security cases. Rather, where the express purpose of discovery is to place before the court, for its evaluation of the merits of the administrative decision, additional evidence bearing on the issues adjudicated therein, such discovery is not proper.

Plaintiff has also claimed, however, that the requested documents are needed in order for him to determine whether the Secretary has fulfilled his statutory duty of certifying the entire record. 42 U.S.C. Section 405(g) provides in pertinent part that "As a part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." Plaintiff asserts that the decision in this case is based on matters outside the record, and the Secretary therefore failed to carry out his statutory duty when he certified the record.

■ Filing an inaccurate certification of the record in a Social Security case is certainly not a practice to be condoned, nor is it one that leaves an affected Plaintiff with-

out any remedy if the effect on the Plaintiff is to prejudice his right to meaningful judicial review. Because of the restriction of the Court's review to the record as certified, an argument could be made that a violation of the statutory duty can never be prejudicial. In *Hummel, supra,* however, the Court rejected that sort of harmless error analysis, stating that although a review of the record to look for substantial evidence could be performed even if the administrative law judge was biased, the claimant would be unfairly prejudiced if deprived of the important right of having the case decided impartially. Here, the Court could perform the same sort of review, but it cannot be said that the requirement of Section 405(g) that the entire record be submitted for review is meaningless. It affirmatively appears that the decision in this case may have been based in part on Dr. Offen's memorandum, which is not part of the certified record. Under such circumstances, Plaintiff may be entitled to an order directing that the record be supplemented. On the other hand, the Secretary may argue that the memorandum is not the type of evidence that Section 405(g) requires to be included in the certified record. Whether the Plaintiff may ultimately be entitled to some relief in the nature of an order for supplementation of the record is not the present issue, however. Rather, since Plaintiff's discovery request could lead to the issuance of an order that would, in turn, have some impact upon the ultimate adjudication of the issues raised in the complaint, his discovery should be permitted. If, after full discovery, including not only the production of a complete copy of the redacted document attached to Plaintiff's summary judgment motion but any other such documents which may exist, Plaintiff chooses to move for supplementation of the record, the merits of that request will be dealt with at that time. Plaintiff will be given 20 days from the completion of discovery to so move, and any ruling on the pending motions for summary judgment will be deferred until it is determined whether the record for review will be supplemented.

For the foregoing reasons, it is ordered that:

(1) Plaintiff's motion to compel discovery is granted. The Secretary shall produce the requested documents within 20 days of the date of this order.

(2) Plaintiff shall move for appropriate relief with respect to any such documents produced within 20 days after those documents are produced. If such a motion is made, ruling on the pending summary judgment motions will be deferred pending a determination of what relief, if any, is available to Plaintiff as a result of the Secretary's failure to have included such documents as a part of the certified record. If no such motion is made, the motions will be decided on the basis of the record as originally certified.

(3) Plaintiff's motion for oral argument is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. Section 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P.; Eastern Division Order No. 82–1, pt. IV., B., 2. The motion must specifically designate the order or part in question and the basis for any objection. The District Judge, upon consideration of the motion, shall set aside any part of this order found to be clearly erroneous or contrary to law.