**Richard L. DAWSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. C–2–84–1353.

United States District Court, S.D. Ohio, E.D.

March 7, 1991.

Elizabeth A. Corcoran, Barkan & Neff, Columbus, Ohio, for Richard L. Dawson.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, George G. Davidson, Office of General Counsel, Dept. of Health and Human Services, Baltimore, Md., for Otis R. Bowen, M.D., Secretary of Health and Human Services.

## OPINION AND ORDER

TERENCE P. KEMP, United States Magistrate Judge.

### I. INTRODUCTION

This is a social security disability case. It has been pending for some time because the parties have been engaged in a dispute about discovery. The history and nature of that dispute can be found in my order of March 4, 1988, 136 F.R.D. 618, which granted plaintiff's motion to compel discovery; in my status conference memorandum of February 8, 1990, which set up a procedure for *in camera* review of certain documents by the Court, and in Judge Holschuh's memorandum and order of September 24, 1990. That order remanded the discovery matter to me for consideration of one specific issue: whether two documents which the Secretary has identified as either responsive to plaintiff's discovery request, or responsive to a broader request made by plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, fall within the "deliberative process" privilege. For the reasons that follow, I conclude that the documents are privileged.

### II. DISPUTED DOCUMENTS

Requests for discovery are not common in social security disability cases. Such cases are ordinarily decided based upon the record of administrative proceedings which occur before the Secretary. According to 42 U.S.C. § 405(g), the Court's review is based upon "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

As in other social security cases, the administrative record filed in this case contains a certification that "the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to this case." Plaintiff's counsel, experienced members of the social security bar, did not take that certification at face value. In asking for discovery, counsel represented to the Court that they had "reason to believe, based upon numerous prior incidences [sic], that the Appeals

Council, in effecting its obligatory review of an administrative law judge's decision, has created various documents and obtained supplemental vocational and/or medical opinions which are not part of the record." *See* Plaintiff's Motion for Enlargement of Time, filed August 25, 1987, at 2. Plaintiff's discovery request asked the Secretary to produce any documents used by the Appeals Council in making its decision, including but not limited to medical or vocational reviews "or any other documents created, produced, manufactured or used by the Appeals Council staff or its agents." The same or similar documents were apparently requested by plaintiff under the FOIA.

The Secretary objected to producing any documents. I granted the plaintiff's motion to compel discovery, however, concluding that the plaintiff was entitled to contest the accuracy of the Secretary's certification that the documents before the Court constituted the entire administrative record. I reasoned that plaintiff would be entitled to seek relief in the event that the Secretary did not comply with the statutory mandate to certify the record of proceedings. *See,* in addition to those cases cited in that opinion, *Exxon Corp. v. Dept. of Energy,* 91 F.R.D. 26, 32–34 (N.D.Texas 1981). One way in which the plaintiff could obtain evidence on that issue would be to require the Secretary to produce those other documents, which, according to plaintiff, were actually relied upon in denying plaintiff's claim.

At the time I issued that ruling, the precise nature of any documents responsive to plaintiff's request was abstract. It has now become concrete. The Secretary has produced three documents: one medical report, and two staff reports entitled "Supplemental Analysis of Court Case Remanded to ALJ." The latter two were redacted to exclude matters which the Secretary claimed were privileged. It is only those latter two documents which are at issue.

## III. THE ADMINISTRATIVE PROCESS

It is important to understand how the two disputed documents fit into the administrative decision-making process and what they contain. In Ohio, social security disability cases pass through four administrative stages. The initial determination of disability is made by a state agency, without a hearing. That initial decision can be reconsidered by the state, again without a hearing. The state is bound to follow procedural and substantive requirements set forth in 20 C.F.R. § 404.1601 *et seq.* in making such determinations.

The state agency's work is complete after the second stage of review. If the claimant has been denied benefits and seeks further review, the matter is then presented to an administrative law judge within the social security administration. If a party requests an evidentiary hearing, one will be conducted. 20 C.F.R. § 404.930. After the hearing, the administrative law judge is required to issue a written decision that gives the findings of fact and the reasons for the decision. It must be based upon evidence offered at the hearing or otherwise included in the record. 20 C.F.R. § 404.953(a).

If the administrative law judge's decision is adverse to the claimant, the claimant can request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council, if it grants review, may consider only the evidence before the Administrative Law Judge, may remand the case for taking further evidence, or may obtain additional evidence itself. 20 C.F.R. § 404.976. It then makes a decision based upon the evidence before the Administrative Law Judge and any additional evidence which it has received. That decision can include affirming, modifying, or reversing the administrative law judge hearing decision. 20 C.F.R. § 404.979. The Appeals Council's decision, unless it is a remand for further proceedings, then becomes the final decision of the Secretary and subject to judicial review under 42 U.S.C. § 405(g).

Additional, and slightly different, steps are required if a district court remands a disability case for further consideration. When that happens, the Appeals Council may either make its own decision or may

remand the case to an administrative law judge with instructions to take action and return the case to the Appeals Council with a recommended decision. 20 C.F.R. § 404.983. If the latter occurs, the Appeals Council then considers the recommended decision and decides whether to adopt it or to make some other decision. When remand proceedings are completed, a supplemental record of proceedings on remand is certified to the district court, and the parties then litigate the question of whether the court's instructions were followed on remand and whether the substantive result reached by the Secretary is correct.

The two documents at issue in this case were created at the Appeals Council review level. According to the declaration of Burton Berkley, Deputy Chairman of the Appeals Council, the Appeals Council is composed of seventeen full-time members. It is required to review between 45,000 and 90,000 cases per year. In order to assist in that process, it employs a staff of paralegals to review cases. Those staff members prepare reports which review the evidence which was before the administrative law judge, state the basis of the administrative law judge's decision, and recommend what action the Appeals Council should take. Each of the two documents at issue in this case was prepared by a staff person for that purpose.

The first document was prepared on May 31, 1986. The Appeals Council was considering the case at that time because the administrative law judge had made a decision dated April 22, 1986 following remand of this case by the district court, and a further remand by the Appeals Council to the administrative law judge to make a recommended decision. Ultimately, the Appeals Council remanded the case again, instructing the administrative law judge to hold a hearing before making a recommended decision. The document addresses, *inter alia,* the options open to the Appeals Council at that time.

The second document at issue was written on March 27, 1987. The Appeals Council was considering the case at that time because it had received a second recommended decision from the administrative law judge, which was issued on October 30, 1986. Ultimately, on June 15, 1987, the Appeals Council adopted the administrative law judge's recommended decision and concluded that plaintiff was not entitled to disability benefits. The second document addresses available options in connection with that decision. The correctness of that decision is still at issue in this lawsuit. The procedural question posed, however, is whether those two staff reports are shielded from discovery because they represent part of the "deliberative process" of the Appeals Council.

## IV. APPLICABLE LAW

Most of the cases which consider the deliberative process privilege have been decided under exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). That exemption allows a government agency to withhold documents requested under the Act on grounds that they are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency...." Although the exemption does not specifically say so, it has been interpreted to cover documents which would be exempt from discovery in litigation because they constituted part of the predecisional deliberative process. Consequently, although the issue before me does not arise under the FOIA, those cases interpreting exemption 5 discuss the substantive standard to be applied to this discovery dispute.

The deliberative process privilege is one which has been judicially crafted in order to promote frank discussion of issues relating to the adoption of policies, or the making of specific adjudicative decisions, within a governmental agency. Once an agency makes a decision, it is obligated to state both the decision and the reasons that support it. Those matters are public records. However, in most cases an agency is required to weigh various options prior to reaching its final decision. It may do so by questioning the wisdom of various options or questioning the accuracy of the

process that has preceded the point of decision. If all intra-agency communications about such matters were made public, agency staff members might be deterred from expressing honest opinions about matters which factor into the agency's final decision. Consequently, the deliberative process privilege was created in order to protect communications "made in the course of formulating agency decisions on legal and policy matters." *NLRB v. Sears, Roebuck and Co.*, 421 U.S. 132, 138, 95 S.Ct. 1504, 1510, 44 L.Ed.2d 29 (1975).

Procedurally, in order for a particular document to be privileged, it must be both "predecisional" and part of the deliberative process. *NLRB v. Sears, Roebuck and Co., supra*, at 150–151, 95 S.Ct. at 1516–1517. In order to be predecisional, it must simply have been created prior to the time that the final agency decision was issued. *Schell v. United States Department of HHS*, 843 F.2d 933, 939 (6th Cir. 1988). In order to be deliberative, the document must reflect "the give and take of the consultative process." *Id., quoting Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir. 1988). Even if it meets these requirements, it is not necessarily privileged. Rather, "[i]n each case, the question [is] whether production of the contested document would be 'injurious to the consultative functions of government that the privilege of non-disclosure protects.'" *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), *quoting Kaiser Aluminum & Chemical Co. v. United States*, 157 F.Supp. 939, 946, 141 Ct.Cl. 38 (1958).

The above principles have been applied in contexts similar to the one presented here. In most instances, documents containing staff members' "opinions and recommendations" which precede a final agency decision have been held privileged. *See, e.g., Professional Review Organization of Florida, Inc. v. United States Department of Health and Human Services*, 607 F.Supp. 423, 427 (D.D.C.1985). So have summary reports of proceedings containing staff recommendations, and draft documents which are circulated for comments. *See Wayland v. NLRB*, 627 F.Supp. 1473 (M.D.Tenn.1986); *Marzen v. United States Department of Health and Human Services*, 632 F.Supp. 785 (N.D.Ill.1986), *aff'd* 825 F.2d 1148 (7th Cir.1987).

Because the deliberative process privilege shares common elements with the work product privilege, there may be cases in which the claim of privilege can be overcome by a showing of substantial need for the document. In the context of a request under the Freedom of Information Act, courts have not concerned themselves with whether, in exceptional cases, the documents might be produced during discovery. Rather, they inquire only whether the documents would routinely be disclosed during discovery if a showing of relevance was made. *United States Department of Justice v. Julian*, 486 U.S. 1, 11–12, 108 S.Ct. 1606, 1612–1613, 100 L.Ed.2d 1 (1988). Although this matter is before me as a discovery dispute, plaintiffs have not argued that a compelling need exists for the information which was redacted from these staff reports. Consequently, the reports are not subject to discovery if the deliberative process privilege applies to them.

## V. DISCUSSION

The decision in this case flows in a straightforward fashion from the description of the documents, their role in the decision-making process, and the applicable case law. Although plaintiff argues, in conclusory fashion, to the contrary, the documents are clearly "predecisional." In each instance, the staff report was prepared in advance of a decision of the Appeals Council. Further, each report is part of the deliberative process.

The Appeals Council has a duty to deliberate with a view toward reaching a final decision in each social security case. In order to carry out that duty, it relies upon staff members to analyze the administrative law judge's decision and to recommend courses of action. Those analyses and recommendations play a part in the deliberative process. They are part of the "give-and-take of the consultative process."

*Coastal States Gas Corp. v. Department of Energy, supra.* Therefore, both prongs of the test for privilege have been met.

In addition, I am convinced that production of these documents would be injurious to the consultative process. Staff members' recommendations, like those of law clerks in the judicial setting, are not always accepted. They are not always correct. Sometimes they may not reflect an accurate understanding of the proceedings below or may reflect an incorrect view of the law. In other cases, they may be accurate but may contain recommendations or conclusions which, for a variety of reasons, are not accepted by the Appeals Council. Nevertheless, it is valuable for the Appeals Council to have considered those recommendations, and valuable for the persons making the recommendations to be free to express a viewpoint without fear of public disclosure or fear that, in the hands of the claimant, the viewpoint will be used as a club against the final agency decision in later proceedings. That threat would be enough to temper the content of staff analyses and recommendations, and cut against the policy underlying the deliberative process privilege. Consequently, it is my conclusion the documents are not subject to discovery in this case.

## VI. CONCLUSION

Based upon the foregoing, in response to the order remanding this matter to me for further proceedings, my opinion and order of March 4, 1988 is amended to exclude from discovery the two documents entitled "Supplemental Analysis of Court Case Remanded to ALJ." If any party objects to the final resolution of the motion to compel discovery, as reflected in the previous order and this amendment thereto, that party shall make objection within the time set forth below. If no objection is received, I will schedule further summary judgment proceedings so that this case can be resolved on its merits promptly.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P.; Eastern Division Order No. 85–4, pt. I., C., 2. The motion must specifically designate the order or part in question and the basis for any objection. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.