**Cleven ROBERSON Plaintiff**

v.

**Jo Anne B. BARNHART Commissioner of Social Security Defendant**

No. CIV.A. MJG022108.

United States District Court, D. Maryland.

Feb. 11, 2003.

**506**

Cleven Lewis Roberson, Baltimore, MD,
pro se.

Kristine L. Sendek Smith, Office of the United States Attorney, Thomas M. DiBiagio, Baltimore, MD, for Defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AFTER CONSIDERING OBJECTIONS

GARBIS, District Judge.

This Order is issued upon consideration of the Report and Recommendation of the United States Magistrate Judge dated December 10, 2002, the objections thereto, and after a *de novo* review of the entire record.

The Court fully agrees with the rationale and conclusions of the Magistrate Judge. Accordingly, the said Magistrate Judge's Report and Recommendation is hereby AFFIRMED and ADOPTED as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

2. Plaintiff's Motion for Sanctions is DENIED.

3. Plaintiff's Motion for Summary Judgment is DENIED.

4. Judgment shall be entered by separate Order.

### REPORT AND RECOMMENDATION

Pro Se Plaintiff Cleven Roberson, invoking 42 U.S.C. § 405(g), seeks to have a "decision" of the Social Security Administration, dated May 17, 2002, affirmed. *See* Paper No. 1. Defendant Jo Anne Barnhart, Commissioner, moves to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to exhaust his administrative remedies. *See* Paper No. 17. The undersigned has reviewed Defendant's motion to dismiss and Plaintiff's motion for summary judgment (Paper No. 20). No hearing is deemed necessary. *See* Local Rule 105.6

(D.Md.). For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be granted.

## I. Background

Plaintiff filed a second application[1] for Supplemental Security Income (SSI) benefits on November 20, 1995. Paper No. 1, ¶ 10. His application was denied initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Before the ALJ convened a hearing, Plaintiff filed a civil action in this court on July 26, 1996. On February 5, 1997, this court dismissed Plaintiff's action because Plaintiff had not exhausted his administrative remedies. *Id.*

On February 17, 1999, an ALJ convened a hearing regarding Plaintiff's application for SSI. *Id.* ¶ 12. On March 16, 1999, an ALJ issued a decision, finding Plaintiff could perform his past relevant work as a cab driver and thus was not disabled. The ALJ denied Plaintiff's claim for SSI. Paper No. 20, Ex. A1. On March 30, 1999, Plaintiff requested a review by the Appeals Council of the ALJ's decision. Paper No. 17 (Sopper Decl. ¶ 3(a)). Seven months later and before the Appeals Council completed its review, Plaintiff filed a complaint with this court seeking judicial review. This court dismissed Plaintiff's complaint, ruling that it could not review the case without a final decision by the Appeals Council. The Fourth Circuit affirmed this court's dismissal. *Roberson v. Apfel,* 232 F.3d 889, 2000 WL 1663425 (4th Cir.2000).

On May 17, 2002, the Appeals Council issued an order, vacating the ALJ's March 16, 1999 decision and remanding Plaintiff's case to an ALJ for further proceedings. Paper No. 20, Ex. A1. On June 24, 2002, Plaintiff filed his complaint with this court. *See* Paper No. 1.

## II. Law

This court is empowered to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), which states in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides....

This section is the exclusive jurisdictional basis for judicial review of claims under the Social Security Act. This restriction is mandated in Section 405(h) of Title 42, which states,

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Emphasis added.

A prerequisite for filing an action under Section 405(g) is a final decision by the

---

1. According to the Commissioner, "Plaintiff filed this second application after the Court of Appeals affirmed the Commissioner's decision on [P]laintiff's earlier application to pay supplemental security income benefits through a representative payee." Paper No. 17, at 2 n. 1. *See Roberson v. Shalala,* 46 F.3d 1126, 1994 WL 732298 (4th Cir.1994).

Commissioner. The phrase "final decision" is not defined in the Social Security Act. *Sims v. Apfel,* 530 U.S. 103, 106, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). This phrase is described in the Social Security Regulations.[2] A decision of the Commissioner is final either (1) upon the Appeals Council denying a claimant's request for review or (2) upon the Appeals Council granting a claimant's request for review and making a decision. 20 C.F.R. § 416.1481.

The Commissioner has promulgated a regulation explaining the administrative review process of applications for SSI benefits. *See* 20 C.F.R. § 416.1400. The process begins with a finding regarding a claimant's eligibility for SSI benefits, called the initial determination. *Id.* § 416.1400(a)(1). If a claimant is dissatisfied with the initial determination, a claimant may request a reconsideration. *Id.* § 416.1400(a)(2). If a claimant is dissatisfied with the reconsideration determination, the claimant may request a hearing before an ALJ. *Id.* § 416.1400(a)(3). If a claimant is dissatisfied with the ALJ's decision, a claimant may request a review by the Appeals Council. *Id.* § 416.1400(a)(4).

> When you have completed the steps of the administrative review process listed in paragraph (a)(1) through (a)(4) of this section, we will have made our *final decision.* If you are dissatisfied with our *final decision,* you may request judicial review by filing an action in a Federal district court.

*Id.* § 416.1400(a)(5) (emphasis added).

■ The Supreme Court has held that a claimant must exhaust his administrative remedies by pursuing his claim through the "three-stage administrative review process," *i.e.,* (1) reconsideration, (2) a hearing by an ALJ, and (3) a review by the Appeals Council, before a claimant may seek judicial review by a federal court. *Bowen v. Yuckert,* 482 U.S. 137, 142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

### III. Analysis

■ On May 17, 2002, the Appeals Council issued an order, vacating the ALJ's March 16, 1999 decision and remanding Plaintiff's case to an ALJ for further proceedings. The Appeals Council specifically directed the ALJ to "obtain additional evidence concerning the [Plaintiff's] impairments in order to complete the administrative record in accordance with the regulatory standards concerning consultative examinations and existing medical evidence (20 CFR 416.912–913)." Paper No. 20, Ex. A1. The Appeals Council ordered the ALJ to offer Plaintiff the opportunity for a hearing, to take further necessary action to complete the administrative record, and to issue a new hearing decision. *Id.*

Before the ALJ could comply with the Appeals Council's order, Plaintiff filed his complaint with this court. Plaintiff asks the court to "affirm the findings of the Commissioner of Social Security as to the facts supported by substantial evidence and that it be conclusive." Paper No. 1, ¶ 36. However, the Commissioner has not made any findings. By setting aside the ALJ's March 16, 1999 decision, the Commissioner's blackboard is blank.

■ An order to remand is not a final decision. *See Duda v. Secretary of Health*

---

**2.** "The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder." 42 U.S.C. § 405(a).

& *Human Servs.*, 834 F.2d 554, 555 (6th Cir.1987) (finding that a remand order is "not a final reviewable decision"); *Dawson v. Sullivan*, 136 F.R.D. 621, 623 (S.D.Ohio 1991) ("The Appeals Council's decision, *unless it is a remand for further proceedings*, then becomes the final decision of the [Commissioner] and subject to judicial review under 42 U.S.C. § 405(g).") (emphasis added). A *decision*[3] and a *remand*[4] are not synonymous actions. "After it has reviewed all the evidence in the administrative law judge hearing record and any additional evidence received, ... the Appeals Council *will make a decision or remand the case to an administrative law judge.*" 20 C.F.R. § 416.1479 (emphasis added).

In the May 17, 2002 order, the Appeals Council ordered the process to start anew. Plaintiff has been returned to step two of the three-stage administrative review process—a hearing before an ALJ.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (citations omitted).

This court is prohibited from reviewing Plaintiff's complaint because he leapfrogged over the administrative track into federal court before (1) the ALJ held another hearing, (2) the ALJ issued a new decision, (3) the Appeals Council reviewed the ALJ's new decision, and (4) the Appeals Council made a decision. *See* 20 C.F.R. §§ 416.1477, 416.1479. Plaintiff's complaint is premature because the Commissioner has not issued a final decision. *See* 42 U.S.C. § 405(g) ("Any individual, *after any final decision of the Commissioner of Social Security after a hearing* to which he was a party ... may obtain a review of such decision by civil action. . . .") (emphasis added).

## IV. Conclusion

The court lacks jurisdiction to decide this action. Accordingly, the undersigned recommends that Defendant's motion to dismiss Plaintiff's complaint (Paper No. 17) be granted. The undersigned also recommends that Plaintiff's motion for sanctions (Paper No. 9) and Plaintiff's motion for summary judgment (Paper No. 20) be denied.

---

3. "[M]eans the decision by an administrative law judge or the Appeals Council." 20 C.F.R. § 416.1401.

4. "[M]eans to return a case for further review." *Id.*