Grace GOODRICH, et al.

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. No. H–84–1054 (PCD).

United States District Court,
D. Connecticut.

Feb. 24, 1986.

Charles C. Hulin, Sheldon A. Mossberg, Legal Assistance to Medicare Patients, Willimantic, Conn., for plaintiffs.

Leslie C. Ohta, Asst. U.S. Atty., Clifford Pierce, Asst. Reg. Atty., U.S. Dept. of Health & Human Services, Boston, Mass., for defendant.

## RULING ON MOTION FOR PROTECTIVE ORDER

DORSEY, District Judge.

■ Plaintiffs have brought this action challenging the Secretary's denial of their claims for Medicare skilled nursing facility benefits. The claims are asserted individually, as well as on behalf of all persons residing in New England who have been denied these benefits. Specifically, plaintiffs challenge the Secretary's alleged policy of refusing to provide benefits for patients whose need for daily insulin injections allegedly require that they reside in a skilled nursing facility.[1] In order to prove their claims, plaintiffs seek discovery of agency documents, answers to interrogatories and answers to requests to admit. In their words, they "seek to learn the nature, extent and history of the illegal actions taken by the Defendant with respect to the

Plaintiff class." Plaintiffs' Memorandum in Opposition at 2. Defendant has moved for a protective order, arguing that discovery of the additional information sought is precluded by the strictures of 42 U.S.C. § 405(g), incorporated into the Medicare Act by 42 U.S.C. § 1395ff, wherein the district court's review is limited to the evidence contained in the administrative record filed by the Secretary.

■ The court undisputedly has jurisdiction over this matter under 42 U.S.C. § 405(g). The other jurisdictional bases asserted are inapplicable in this case. Title 42 U.S.C. § 1361 is not applicable since plaintiffs are not challenging a procedure of the Social Security administration, rather they are challenging adverse decisions made by the Secretary. They challenge the statutory interpretation of 42 U.S.C. § 1395 adopted and applied by the Secretary in making the challenged adverse decisions. It is not claimed that the Secretary failed to perform a non-discretionary duty or maintained an improper procedure, but rather that claimants disagree with the manner in which it was performed. *Cf. Ellis v. Blum,* 643 F.2d 68, 80 (2d Cir.1981).

■ The scope of the court's review under 42 U.S.C. § 405(g) is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record on which the decision was based, including the evidence considered by the Administrative Law Judge ("ALJ"). *Mathews v. Weber,* 423 U.S. 261, 263, 96 S.Ct. 549, 551, 46 L.Ed.2d 483 (1976). The only evidence not presented to

---

**1.** Nothing in the record, except plaintiffs' claim, suggests that applicants would be denied benefits in all cases where insulin injections are required. Plaintiffs have attempted to frame the issues as a universal policy of the Secretary. If plaintiffs' claim is sustained, there would be an entitlement to benefits solely based on the need for insulin injections. Yet, the complaint alleges a refusal "to recognize insulin injections as a benefit triggering 'skilled service,' despite the fact that the *plaintiffs are so ill that they are unable to self-administer insulin, and must as a practical matter be cared for in a skilled nursing facility."* Complaint, ¶ 1 (emphasis added). In short, what plaintiffs claim is the benefit of care in a skilled nursing facility, qualification for which is set forth in 42 U.S.C. § 1395f(a)(2). *See* 42 C.F.R. §§ 409.30 and 409.31. While the need for insulin is a factor in determining such entitlement, it alone is not determinative. *Monmouth Medical Center v. Harris,* 646 F.2d 74, 80 (3d Cir.1981). Thus, each case must depend on its own facts and not, solely, the need for insulin injection which, for many, is self-administrable.

the ALJ which the court may consider is material evidence which was not previously presented for which good cause is shown as to why same was not so presented. 42 U.S.C. § 405(g). Such additional evidence may be the basis for the district court to order the Secretary to reconsider the matter in light of the additional evidence. This provision is inapplicable to the case at bar. It is not material to the Secretary's underlying decision that similar decisions were made in other cases, nor is there any showing that any of the information sought could not have been presented previously. Plaintiffs' reliance on *Hummel v. Heckler*, 736 F.2d 91 (3d Cir.1984), is misplaced. There the Court of Appeals solely found error in issuing the decision prior to ruling on a pending discovery motion. There was no implication that discovery was deemed to be necessarily appropriate in all Social Security cases, such as that at bar. Rather, it was held that discovery motions should be considered and decided prior to making a dispositive ruling. Evidence outside the record received in the course of discovery is received under § 405(g) for a determination as to the propriety of requiring the ALJ to consider it and only upon a showing of good cause. Plaintiffs here are asking *this* court to consider additional evidence, contrary to the statutory provision upon which they rely.

■ Although mindful of the practical implications of the granting of the protective order, no persuasive authority has been presented for allowing the requested discovery to proceed on the basis that what is sought comes within the rule set forth above. The issue here involves statutory interpretation and application which does not require the requested information. Without intimating what relief, if any, plaintiffs or the still unknown parties who may have been affected by adverse rulings by the Secretary implicating 42 U.S.C. § 1395f may be entitled to, defendant's motion for a protective order is granted.

SO ORDERED.