**STATE OF NEW YORK on Behalf of Beatrice STEIN, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.**

**No. 277, Docket 89-6227.**

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1990.

Decided Jan. 18, 1991.

Robert Wanerman, Asst. Regional Counsel, Dept. of Health and Human Services, New York City (Stuart M. Gerson, Asst. Atty. Gen., Frederick J. Scullin, Jr., U.S. Atty., Anthony J. Steinmeyer, Appellate Staff, Civ. Div., New York City, of counsel), for defendant-appellant.

Lenore B. Browne, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, Asst. Atty. Gen., New York City, of counsel), for plaintiff-appellee.

Before FEINBERG, VAN GRAAFEILAND, and KEARSE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The Secretary of Health and Human Services appeals from a judgment of the United States District Court for the Northern District of New York (Cholakis, J.) reversing the Secretary's determination that Beatrice Stein's hospitalization from August 14 to September 17, 1984 was not reasonable and necessary and therefore not covered by Medicare. We vacate the judgment and return the case to the district court with instructions to remand it to the Secretary for additional findings with specific reference to Health Care Financing Administration Ruling 85-2, 51 Fed.Reg. 31,040 (1985) (HCFAR 85-2), and for enlightenment concerning the weight, if any, given by the Secretary to the dual certification of Stein's attending physician and the Utilization Review Committee.

On August 14, 1984, seventy-nine year old Beatrice Stein was admitted to the Helen Hayes Hospital in West Haverstraw, New York for evaluation and treatment of osteoarthritis in her left hip. Having determined that Stein's hip could not be replaced surgically because of the possibility of an intraoperative or post-operative cardiac event, Stein's treating physician, Dr. Michael H. Cohen, referred Stein to the hospital for treatment. During her hospitalization, Stein was the subject of an active rehabilitation program. She participated in physical therapy classes, took anti-inflammatory medicine, and received application of hot pads to her hips and shoulders. Both Stein's attending physician, Dr. Alfred Becker, and the Utilization Review Committee (*see* 42 U.S.C. § 1395x(k)) certified the need for her hospitalization.

During Stein's hospitalization, the hospital submitted a claim for reimbursement for services rendered. The Health Care Financing Administration (HCFA) denied reimbursement, stating that Medicare covers inpatient care only if the care is "reasonable and necessary for the treatment or diagnosis of the patient's illness or injury, and is of a type that can only be provided on an inpatient hospital basis." The hospital requested reconsideration of the claim, which request was denied by the Office of Direct Reimbursement. Finding that the hospital knew or should have known that the services would not be covered and that the hospital failed to notify Stein of that fact, the HCFA imposed the cost of the services upon the hospital.

As the owner and operator of the hospital, the State of New York appealed the determination that Stein's hospitalization was not reasonable and necessary, and a hearing was held before an administrative law judge on April 30, 1986. To aid the ALJ in his review of the record, he request-

ed an opinion from Dr. Boris J. Paul, an independent physician. Dr. Paul reviewed Stein's hospital record but did not talk to the attending physician or others at the hospital. He submitted a one-page letter that summarized Stein's medical problems and concluded that, "[i]n my professional judgment, the measures provided her during the period 8/14/84 through 9/17/84 could have been provided on an outpatient basis for the entire period and did not require admission to a rehabilitation hospital." Thereafter, the ALJ denied reimbursement by written decision dated May 21, 1986.

The State appealed to the Appeals Council, which denied the request for review by letter dated July 8, 1986, thus establishing the ALJ's decision as the final decision of the Secretary. After commencement of this action in the district court, the parties stipulated a remand to the Appeals Council. The Appeals Council notified the parties that they could submit additional evidence or argument, and stated that it would evaluate the case under the criteria of Health Care Financing Administration Ruling 85–2.[1] In its subsequent decision, however, the Appeals Council mentioned HCFAR 85–2 only briefly and did not analyze the facts with specific reference to the criteria in that Ruling. When the Appeals Council again denied reimbursement, the State returned to the district court. The district court referred the case to a magistrate, who recommended reversal on the ground that "the Secretary improperly failed to rely upon the decisions and conclusions of the treating physician and the [Utilization Review Committee] or to show that the dual certification system has broken down." The district court adopted the magistrate's recommendations in full, concluding that HCFAR 85–2 is a factor to be

---

**1.** HCFAR 85–2 provides in substance that a patient in need of inpatient hospital rehabilitation requires all of the following: (1) close medical supervision by a physician with specialized training or experience in rehabilitation; (2) twenty-four-hour rehabilitation nursing; (3) a relatively intense level of physical therapy or occupational therapy and, if needed, speech therapy, social services, psychological services, or prosthetic-orthotic services; (4) a multi-disciplinary team approach to the delivery of the program; (5) a coordinated program of care; (6) significant practical improvement; (7) realistic goals; (8) a properly terminating program. Moreover, the Rule specifies in some detail what must be done to satisfy each of the eight criteria.

considered if the attending physician and the Utilization Review Committee are not in agreement. In addition, the district court found that Dr. Paul's one-page assessment after reviewing Stein's hospitalization "only on paper" was "woefully inadequate to be considered 'substantial evidence.'"

This action was considered in the district court together with *State of New York o/b/o Bodnar v. Secretary of Health and Human Services.* Because *Bodnar* presented similar questions of law, *see* 903 F.2d 122 (2d Cir.1990), the parties stipulated a withdrawal of the Secretary's appeal in the instant case subject to this court's decision in *Bodnar.* After this court decided *Bodnar,* the appeal was reinstated.

In this court, the Secretary contends, first, that his decision was supported by substantial evidence and, second, that the substantial evidence review must incorporate the criteria of HCFAR 85–2. We agree that the proper standard of review is whether the Secretary's denial of reimbursement is supported by substantial evidence, *see Bodnar, supra,* 903 F.2d at 126; *Hurley v. Bowen,* 857 F.2d 907, 912 (2d Cir.1988), and that the test of substantial evidence in inpatient hospital rehabilitation cases must incorporate the criteria of HCFAR 85–2. However, because the ALJ and the Appeals Council failed to clearly demonstrate a relationship between their findings and the HCFAR 85–2 criteria, the case must be remanded to the Secretary for a more adequate application of HCFAR 85–2 to the facts.

As we stated in *Bodnar, supra,* 903 F.2d at 124, the Secretary need not reimburse for items and services that are "not reasonable and necessary" for the diagnosis or treatment of illness or injury. *See also Goodman v. Sullivan,* 891 F.2d 449, 450 (2d Cir.1989); 42 U.S.C. § 1395y(a)(1)(A). Congress did not define the items and services that should be considered "reasonable and necessary," but delegated the making of this decision to the Secretary. *See Wilkins v. Sullivan,* 889 F.2d 135, 137 (7th Cir.1989). The Social Security Act as

amended states that "[t]he determination of whether an individual is entitled to benefits under part A or part B of this subchapter, and the determination of the amount of benefits under part A or part B of this subchapter ... shall be made by the Secretary in accordance with regulations prescribed by him." 42 U.S.C. § 1395ff. In the case of inpatient hospital rehabilitation services, the Secretary has prescribed HCFAR 85–2.

When a rule sets forth specific criteria, as HCFAR 85–2 does, the Secretary's determination must contain an application of the criteria to the particular facts of the case. "'When administrative bodies promulgate rules or regulations to serve as guidelines, these guidelines should be followed.'" *International House v. NLRB,* 676 F.2d 906, 912 (2d Cir.1982) (quoting *NLRB v. Welcome–American Fertilizer Co.,* 443 F.2d 19, 20 (9th Cir.1971)). Absent a specific application of the criteria contained in the guidelines, a reviewing court has an inadequate basis for an analysis of the Secretary's determination. Resolution of Medicare reimbursement issues requires an understanding of complicated and technical facts, and Congress has delegated these difficult decisions to the agency that has specialized knowledge in the area. *See Wilkins, supra,* 889 F.2d at 140. Although we are reluctant to interfere with the Secretary's administrative discretion, *see Cosgrove v. Bowen,* 898 F.2d 332, 334 (2d Cir. 1990), proper judicial review requires that there be a meaningful application of the appropriate rules to the facts. The Secretary agrees that "coverage for inpatient rehabilitative hospital care is contingent on the patient's condition meeting each of [the] eight criteria." (Secretary's brief at 25).

We are not prepared at this time to pass judgment upon the district court's holding that the case can be disposed of by applying the treating physician rule that is used in social security disability cases. Under this rule, "[t]he treating source's opinion on the subject of medical disability ... is (1) binding on the fact-finder unless contradicted by substantial evidence and (2) enti-

tled to some extra weight, even if contradicted by substantial evidence, because the treating source is inherently more familiar with a claimant's medical condition than are other sources." *Schisler v. Bowen,* 851 F.2d 43, 47 (2d Cir.1988). We believe it better practice to have the Secretary first advise us what role if any the attending physician rule played in the instant case and will play in future cases of this nature. After this has been done, a judicial determination can be made as to whether the Secretary's procedures in this regard meet statutory requirements. *See SEC v. Chenery Corp.,* 332 U.S. 194, 207–09, 67 S.Ct. 1575, 1582–83, 91 L.Ed. 1995 (1947).

We vacate the judgment of the district court and return the case to that court with instructions to remand to the Secretary for further proceedings in accordance with this opinion.