Victor **KLEMENTOWSKI**, Plaintiff,

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 90–CV–1275S.**

United States District Court, W.D. New York.

Sept. 9, 1992.

Anthony Szczygiel, Buffalo, N.Y., for plaintiff.

Dennis C. Vacco, U.S. Atty. by Michael A. Battle, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

## INTRODUCTION

Defendant Louis W. Sullivan, M.D., Secretary of Health and Human Services ("the Secretary"), submits written objections to the December 30, 1991 Report and Recommendation of Magistrate Judge Edmund F. Maxwell, pursuant to Fed.R.Civ.P. 72(b).

The December 30, 1991 Report and Recommendation reversed the final determination of the Secretary, and directed that the Secretary make the appropriate payment on behalf of plaintiff Victor Klementowski ("plaintiff"), under Medicare Part B for the air ambulance service provided to plaintiff on October 22, 1987.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

As the parties are aware, plaintiff submitted a claim to Medicare's insurance carrier for reimbursement for air ambulance transportation from Buffalo, New York to Cleveland, Ohio, pursuant to 42 C.F.R. § 410.[1] The carrier denied benefits and plaintiff was granted a hearing contesting the carrier's denial before an ALJ. The ALJ also denied reimbursement benefits, finding that there was no evidence presented indicating that the procedure could not have been performed in Buffalo, or nearer to Buffalo than Cleveland, as required by 42 U.S.C. § 410.40. The Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Secretary.

Plaintiff then filed a Complaint seeking review of the final decision of the Secretary, and reimbursement of $1,785.00 for the cost of air ambulance transportation from Buffalo to Cleveland. This matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to determine the merits. The Secretary moved, and plaintiff cross-moved, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The Magistrate Judge issued a Report and Recommendation, reversing the Secretary's denial of reimbursement, and directing the Secretary to make the payment on plaintiff's behalf for the air ambulance service.

The Secretary now objects to the Magistrate Judge's Report and Recommendation. The Secretary contends that the Magistrate Judge inappropriately applied the treating physician rule in concluding that the Secretary's decision is not supported by substantial evidence. The Secretary draws a distinction between the applicability of the rule in disability as opposed to medicare

---

**1.** 42 C.F.R. § 410.40 provides, in pertinent part, that payment for ambulance service is limited to the amount that would have been paid for transportation to the nearest appropriate hospital. The nearest appropriate hospital is one that is capable of providing the required level and type of care for the patient's illness or injury, and that also has available the type of physician needed to treat the patient's particular condition.

situations, arguing that the rule is inapplicable in the instant case, since it seeks reimbursement under Medicare. The Secretary also argues that the treating physician rule does not apply in the instant case since neither the plaintiff's medical condition nor his need for emergency treatment is in dispute. The Secretary further argues that even if plaintiff's medical condition was in issue, the Secretary is under no obligation to accord substantial weight to the treating physician's opinions. Finally, the Secretary argues that its decision is supported by substantial evidence, since plaintiff has failed to demonstrate, by means of objective, factual evidence, that he was transported to the nearest appropriate hospital.

The plaintiff contends that the Magistrate Judge properly concluded that the Secretary's decision is not supported by substantial evidence. The plaintiff argues that the record contains ample evidence that the nearest hospital with the necessary facilities and care, in compliance with 42 C.F.R. § 410.40, was the Cleveland Clinic. The plaintiff further contends that the information from his treating physicians was properly considered by the Magistrate Judge, since the treating physician rule applies to selection of proper medical treatment and use of appropriate health services, as well as to conclusions about a patient's medical condition. The plaintiff further contends that the record contains no substantial evidence in contradiction of the Magistrate Judge's decision, and endorses the Magistrate Judge's conclusion that the record must be interpreted with attention to common sense.

In opposition to the Magistrate Judge's Report and Recommendation ("Rep. & Rec."), the Secretary submits its written Objections dated February 21, 1992 ("Sec. Obj."); and a Reply Memorandum of Law dated March 20, 1992 ("Sec. Rep. Memo.").

In support of the Magistrate Judge's Report and Recommendation, plaintiff submits a Memorandum of Law dated March 12, 1992 ("plaint. Memo.").

For the reasons articulated below, the Magistrate Judge's December 30, 1991 Report and Recommendation is affirmed.

## FACTS

The facts relied upon by this Court are recited in the Magistrate Judge's December 30, 1991 Report and Recommendation, as well as in the submissions of the parties listed above. This Court notes that the parties are not in dispute concerning the facts at issue.

In his Report and Recommendation, the Magistrate Judge noted the ALJ's questionnaire to plaintiff's treating physician, the answers provided to the questionnaire by Dr. Robert F. Glover,[2] the ALJ's lack of mention of Dr. Glover's answers in rendering his decision, and the Appeal Council's notation in its denial of review that the responses of Dr. Glover were not a part of the record before the ALJ at the time of his decision. (Rep. & Rec., pp. 4–5). The Magistrate Judge also noted the Appeals Council's observations, in its denial of review, that it is unclear from the questionnaire whether two Buffalo hospitals could have performed the angioplasty on unstable, emergency patients, whether there was a scheduling problem with either local hospital, and that plaintiff's admission record at the Cleveland Clinic reported him to be in stable condition upon arrival. (Rep. & Rec., p. 5).

Based upon his review of the record, the Magistrate Judge found that the Cleveland Clinic was the nearest appropriate hospital to treat plaintiff's emergency condition.

---

2. The questionnaire was completed by Dr. Robert Glover, an associate of plaintiff's treating physician Dr. Joseph Branconi. Dr. Glover's responses indicated that both Millard Fillmore and Buffalo General began doing angioplasty in February of 1987. However, both hospitals accepted only stable non-emergency patients initially. Dr. Glover also indicated that the nearest accessible hospital with the quickest response time was the Cleveland Clinic. Finally, Dr. Glover indicated that plaintiff's unstable condition and the need for emergency angioplasty, to prevent both a heart attack and permanent heart damage, necessitated the plaintiff's transfer outside of Buffalo for the required procedure. (plaint. Memo., pp. 6–7, citing pages of the administrative record.)

The Magistrate Judge found, therefore, that the Secretary's decision to deny reimbursement was not supported by substantial evidence. (Rep. & Rec., pp. 7–8).

## SUBSTANTIAL EVIDENCE

In reviewing the Secretary's determination that plaintiff is not entitled to reimbursement for his air ambulance transportation to the Cleveland Clinic, this Court must determine if the Secretary's decision is supported by substantial evidence. *State of New York v. Secretary*, 903 F.2d 122, 126 (2d Cir.1990) ("*Bodnar*"); *Hurley v. Bowen*, 857 F.2d 907, 912 (2d Cir.1988). The standard of substantial evidence requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting, *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *see also Bodnar*, 903 F.2d at 126.

In determining whether the decision is supported by substantial evidence, the reviewing court reviews the record as a whole. "This means that in assessing whether the evidence supporting the Secretary's position is substantial, we will not look at that evidence in isolation but rather will view it in light of other evidence that detracts from it." *Bodnar*, 903 F.2d at 126.

## DISCUSSION

## A. APPLICABILITY OF THE TREATING PHYSICIAN RULE

### 1. *Based Upon Type of Case*

The Secretary argues that the Magistrate Judge inappropriately applied the treating physician rule in determining whether the Secretary's decision was supported by substantial evidence. (Sec. Obj., p. 3). Specifically, the Secretary argues that the rule is inapplicable in the instant case because the issue herein is reimbursement under Medicare. In support of this contention, the Secretary argues that the Second Circuit has declined to apply the

rule, which is applied in Social Security disability cases, to a Medicare case. The Secretary further argues, that even if the rule was applicable, the Secretary need not afford substantial weight to the physician's opinion. The Secretary concludes, therefore, that the Magistrate Judge's affording substantial weight to plaintiff's treating physicians' opinions in reviewing the Secretary's final decision is erroneous, because such opinion should only be one factor, at most, considered in reviewing the evidence. (Sec. Obj., pp. 3–4).

The treating physician rule, as applied in the disability setting, provides that:

> [t]he treating source's opinion on the subject of medical disability—i.e., diagnosis and nature and degree of impairment—is (1) binding on the fact-finder unless contradicted by substantial evidence and (2) entitled to some extra weight, even if contradicted by substantial evidence, because the treating source is inherently more familiar with a claimant's medical condition than are other sources.

*Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir.1988).

Initially, this Court notes that the three cases relied upon by the Secretary regarding the inapplicability of the treating physician rule to a Medicare case, do not expressly provide a prohibition against the application of the rule in Medicare cases in general or in the instant case in particular. (Sec. Obj., pp. 4–5; Sec. Memo., pp. 2–3). Instead, two of these cases merely indicate that the court will "leav[e] for the Secretary's initial consideration the issue of whether the treating physician rule, applicable in disability cases ... applies to Medicare coverage determinations." *State of New York v. Sullivan*, 927 F.2d 57, 60 (2d Cir.1991); *see also State of New York v. Secretary*, 924 F.2d 431, 433 (2d Cir.1991) ("*Stein*"). In addition, however, as the Secretary has failed to note, but as the Magistrate Judge indicated in his Report and Recommendation, in the *Sullivan* case the Second Circuit directly argued for the applicability of the rule in Medicare cases.

(Rep. & Rec., p. 6). In *Sullivan,* the Second Circuit stated that:

> [t]hough the considerations bearing on the weight to be accorded a treating physician's opinion are not necessarily identical in the disability and Medicare contexts, *we would expect the Secretary to place significant reliance on the informed opinion of a treating physician and either to apply the treating physician rule, with its component of 'some extra weight,' to be accorded to that opinion ... or to supply a reasoned basis, in conformity with statutory purposes for declining to do so.*

927 F.2d at 60. (emphasis added).

Similarly, in the third case relied upon by the Secretary, the Second Circuit indicated that the Secretary's discretion in determining reimbursement for items and services under the Medicare statute is not boundless. *Bodnar,* 903 F.2d at 125–26. In *Bodnar,* the court considered the applicability of the "dual certification" rule[3] to the Secretary's decision in Medicare reimbursement cases. The court found that even if the Secretary decides not to give substantial weight to the dual certification findings in its decision to deny reimbursement, the Secretary's decision still must be supported by substantial evidence under the appropriate standard of review. *Id.*

In the Social Security disability setting, when the Secretary declines to give substantial weight to the treating physician's opinion, and subsequently rejects or overrides the opinion of the treating physician, the Secretary must provide a "determination or decision rationale" to include an explanation as to why the substantial medical evidence of record contradicts the opinions of a treating source. *Schisler,* 851 F.2d at 47. Consequently, the reviewing court may then consider the Secretary's

denial in light of the Secretary's decision not to afford the treating physician's opinion substantial weight in reasoning to its decision.

Based upon the foregoing considerations, this Court sees no prohibition against the applicability of the treating physician rule to Medicare cases. Conversely, this Court finds its application to Medicare cases encouraged by the *Sullivan,* 927 F.2d at 60, and the *Bodnar,* 903 F.2d at 125–26, courts. In addition, if the Secretary declines to apply or give little weight to the rule in a Medicare case, this Court notes the Second Circuit's requirement that the Secretary must offer "a reasoned basis, in conformity with statutory purposes for declining to do so." *Sullivan,* 927 F.2d at 60.

## 2. *Based Upon Type of Issue*

The Secretary also argues that the treating physician rule is inapplicable to the instant case since only the reimbursement of a service is at issue, and not plaintiff's medical condition or his need for emergency treatment. However, this Court finds the Secretary's arguments unconvincing for three reasons.

First, the argument begs the question of the rule's applicability to Medicare situations. If the rule is applicable to Medicare cases, issues such as reimbursement for hospital stay, services and treatment received will obviously be at issue. In fact, these were the primary components in issue in *Bodnar,* where the court reviewed the Secretary's denial of reimbursement in light of its decision to give little weight to the dual certification. 903 F.2d at 124–25; *see also Sullivan,* 927 F.2d at 58–60; *Stein,* 924 F.2d at 431–32. Furthermore, the statute specifically addresses the issues

---

**3.** The dual certification rule, as a prerequisite for Medicare reimbursement, requires that a patient's attending physician and the hospital's Utilization Review Committee both certify that inpatient hospitalization (or services) is necessary. *Bodnar,* 903 F.2d at 123. The dual certification rule in Medicare cases is therefore somewhat analogous to the treating physician rule in the Social Security setting, and Bodnar is consequently a comparable case to the instant case.

However, contrary to the Secretary's interpretation of *Bodnar,* the court did not hold that the Secretary need not consider dual certification in its reimbursement decisions. Instead the court held that dual certification is not *binding* on the Secretary. 903 F.2d at 125. (emphasis added). The court then indicated that should the Secretary ignore or disagree with the dual certification, then it must indicate how its *decision is* supported by substantial evidence.

of reimbursement for items and services for diagnosis or treatment of illness and sickness. 42 U.S.C. § 1395 et seq. Therefore, if the rule applies, then whether the Secretary contests the claimant's medical condition or emergency status is irrelevant.

■ Second, the opinions rendered by the physicians in the instant case do not merely address the plaintiff's medical condition and need for emergency treatment, but they also address the capability of the hospitals in question to render the needed service, as well as the proximity of the nearest appropriate hospital. Therefore, the evidence presented by plaintiff in this regard may not literally fall within the purview of the treating physician rule as it relates to the question of disability in the Social Security arena. Consequently, although the Secretary may be correct in its argument that the treating physician rule as traditionally applied, "does not encompass a physician's choice as to *where* the required treatment should be rendered" (Sec. Rep. Memo., p. 3), in a reimbursement or in an "appropriate hospital" context, the "where" is of primary importance. Consequently, evidence from the physician that selected the "where" is of primary probative value.

Third, and finally, this Court notes that the Secretary itself has placed the plaintiff's medical condition in issue, thereby necessitating consideration of the treating physician's opinions in reviewing the Magistrate Judge's Report and Recommendation. In arguing to this Court that its decision was based on substantial evidence, the Secretary contended that the "plaintiff was in stable condition upon admission to the Cleveland Clinic and thus might have qualified for acceptance [at one of the Buffalo hospitals]." (Sec. Obj., p. 7).

B. SUBSTANTIAL EVIDENCE REVIEW

■ In light of the foregoing, this Court must consider whether the Magistrate Judge correctly concluded that the Secretary's decision to deny reimbursement is not supported by substantial evidence. The Secretary argues that in accordance with *Friedman v. Secretary,* 819 F.2d 42, 45 (2d Cir.1987), the plaintiff has the burden of proving entitlement to benefits, and that he has failed to meet this burden. (Sec. Obj., pp. 7–9).

The Secretary argues that the record provides no evidence of why the procedure could not be performed in Buffalo, or at a hospital nearer to Buffalo than the Cleveland Clinic. (Sec. Obj., pp. 6–7). The Secretary claims that plaintiff has failed to demonstrate that there was a scheduling problem at either of the two local hospitals, and that the record is deficient because it does not contain a definite statement that the two Buffalo hospitals could not perform emergency angiograms in October of 1987, as they were so restricted in February of 1987. (Sec. Obj., pp. 7–8). The Secretary also contends that even if the Buffalo hospitals could not handle emergency angiograms, the observations about the plaintiff's condition as being stable upon his arrival at the Cleveland Clinic suggest that he could have remained in Buffalo and had the procedure done at either Buffalo hospital. In this regard, the Secretary again relies on its argument that since the record does not reflect the alleged incapability of the Buffalo hospitals of performing the emergency procedure on stable patients in October of 1987, if plaintiff was stable he should have had the procedure performed in Buffalo. (Sec. Obj., p. 7).

The plaintiff argues that he has met his burden, since the record supports the conclusion that on the date of his transport to Cleveland, his physician's determined he was in "unstable condition," and in need of an emergency angioplasty. (plaint. Memo., pp. 5–6). Further plaintiff contends that the record indicates that Cleveland was the nearest institution with suitable facilities to treat him. (plaint. Memo., pp. 5–7).

The Magistrate Judge decided that the plaintiff had met his burden in demonstrating that "the Cleveland Clinic was the nearest appropriate hospital for the care of plaintiff's emergency condition in October 1987." (Rep. & Rec., p. 7). The Magistrate Judge interpreted the substantial evidence as indicating the common sense con-

clusion that "it is not believable that a physician would send a patient who needed emergency treatment by air ambulance to another city if the appropriate services were available in the very hospital where the patient was staying." (Rep. & Rec., pp. 7–8). The Magistrate Judge found that the only evidence in the record detracting from this conclusion was the unidentified nurse's note, which concluded that the procedure could have been performed in Buffalo, but did not identify any hospital where it could have been performed. (Rep. & Rec., p. 8).

This Court concurs with the Magistrate Judge's review of the record, and rejects the Secretary's arguments in contravention of the Magistrate Judge's decision. The record provides ample indications that the decision to transport the plaintiff to Cleveland, was based on the conclusion that the Cleveland Clinic was the "nearest appropriate hospital" in consonance with the regulation. The record includes Dr. Glover's questionnaire responses, documentation and correspondence from plaintiff's treating physician, and documentation from plaintiff's treating cardiologist, all attesting to plaintiff's emergency status, and the medical necessity of transfer to the Cleveland Clinic, and certification that the destination was the nearest institution with proper facilities for patient care. (Rep. & Rec., pp. 2, 4, 7; plaint. Memo, pp. 5–7).

The arguments proffered by the Secretary would require this Court to conclude that proper care was available in Buffalo, but the physicians either chose not to utilize it or cavalierly failed to check for its availability. However, this Court cannot conclude that a physician would knowingly take a risk of endangering his patient by ignoring immediately and locally available emergency care. Further, this Court cannot conclude that the physicians were not aware of the procedure's availability on emergency patients in October of 1987. As the Magistrate Judge appropriately concluded in this regard, common sense indicates that plaintiff's physician would not have sent his patient to another hospital if the procedure were available in the hospital in which the patient was presently located,

and in which both Dr. Branconi and the attending cardiologist were practicing.

The only evidence contradicting the decision to transport plaintiff to Cleveland, is the unsigned note by a reviewing nurse, which concluded, without substantiation, that the procedure could have been done in or nearer to Buffalo. Similarly, the only evidence contradicting plaintiff's unstable status is the admitting report at the Cleveland Clinic. However, this Court cannot interpret either or both of these considerations as detracting from the substantial evidence in the record to the contrary. First, the reviewing nurse was never in contact with the plaintiff. Second, the plaintiff's medical stability could have conceivably changed from Buffalo to Cleveland. Third, and most importantly, in considering these bits of evidence and in rejecting or giving little weight to the physicians' evidence, the Secretary has failed to present a reasoned basis for its decision for declining to do so, in conformity with statutory purposes. *Sullivan*, 927 F.2d at 60. Consequently, this Court finds that the record contains uncontradicted, substantial evidence that the Cleveland Clinic was the nearest, appropriate facility to provide the emergency angiogram.

Finally, in rendering its decision, this Court wishes to express its cognizance of the Secretary's contention that if a reviewing court finds that the Secretary's conclusions of facts are supported by substantial evidence, then such findings are conclusive, and even if the reviewing court also finds that there is substantial facts for the plaintiff's position, the reviewing court must uphold the Secretary's denial of reimbursement. (Sec. Obj., pp. 7–8). In making its decision, this Court notes its concurrence with the Magistrate Judge that the Secretary's denial of reimbursement is not supported by substantial evidence.

Based upon the foregoing considerations, this Court finds that the record contains substantial evidence to indicate that plaintiff was sent to the nearest appropriate facility as defined under 42 C.F.R. § 410.-40. Therefore, this Court adopts and affirms the conclusions of fact and law in the

December 30, 1991 Report and Recommendation of the Magistrate Judge, directing that the decision of the Secretary be reversed and that the Secretary be directed to reimburse plaintiff for his air ambulance transportation from Buffalo, New York to Cleveland, Ohio on October 22, 1987.

## CONCLUSION

For the reasons set forth above, this Court finds the Secretary's objections to the Magistrate Judge's December 30, 1991 Report and Recommendation unpersuasive. Accordingly, after careful review, this Court hereby adopts the December 30, 1991 Report and Recommendation of the Magistrate Judge in its entirety.

## ORDER

IT IS HEREBY ORDERED, that this Court accepts the December 30, 1991 Report and Recommendation of the Magistrate Judge.

FURTHER, that the Clerk of the Court is directed to enter final judgment in favor of the plaintiff and against the defendant.

FURTHER, that the Secretary is directed to make the appropriate payment on plaintiff's behalf under Medicare Part B for the air ambulance service provided on October 22, 1987.

SO ORDERED.