**Marianne LEWIN, Plaintiff,**

**v.**

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 94 Civ. 1517 (KTD).**

United States District Court, S.D. New York.

May 26, 1995.

Toby Golick, Cardozo Bet Tzedek Legal Services, New York City, for plaintiff.

Mary Jo White, U.S. Atty. for the S.D. of N.Y., New York City (Susan D. Baird, of counsel), for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Marianne Lewin brought this action pursuant to 42 U.S.C. §§ 405(g) and 1395ff, as amended, (the "Social Security Act" or the "Act"), to review a final decision of Donna E. Shalala, the Secretary of Health and Human Services (the "Secretary"). Both parties have moved for judgment on the pleadings. The Secretary denied Plaintiff Medicare benefits to cover services provided to Plaintiff in a Skilled Nursing Facility ("SNF"). Coverage was denied because Plaintiff failed to satisfy the requirements of 42 U.S.C. § 1395x(i) which mandates a three-day stay in a hospital as a prerequisite to coverage for an SNF stay. For the following reasons, the Secretary's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND

On May 5, 1991, Plaintiff, a ninety-one year old woman, fell in her home and broke her wrist. (R. 30). A cast was put on Plaintiff's arm and she was kept in the hospital overnight. (R. 33). On May 9, 1991, after Plaintiff realized that her arm was turning black and blue, she went to see a doctor. (R. 34). Upon physical examination and the taking of X–Rays, Plaintiff's cast was removed and she was sent to Montefiore Hospital to be admitted. (R. 35).

Plaintiff was admitted to the Loeb Center, an SNF at Montefiore, on May 9, 1991, and remained there until June 11, 1991. (R. 35). At the time she was admitted, Plaintiff was asked to pay in advance for her stay. (R. 35). Because she had never been asked to pay in advance during any prior hospital stays, Plaintiff questioned this request, but paid the bill nonetheless. (R. 36). Shortly after arriving at the Loeb Center, Lewin spoke to a social worker regarding the possibility of medicare coverage. (R. 38). Lewin was later informed that her stay was not covered by Medicare. As a result, Lewin has now paid approximately $10,000 from her savings to cover the costs for her stay at the Loeb Center. (R. 42, 43).

Plaintiff requested and was granted a hearing which was held before Administrative Law Judge Peter F. Crispino (the "ALJ") on May 27, 1992. On July 7, 1992 the ALJ found that Plaintiff did not have a qualified hospital stay prior to her admission to the Loeb Center, and therefore, no part of her SNF stay is reimbursable. The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied Plaintiff's request for review on October 21, 1993. It is from this decision that Plaintiff brought this action.

## DISCUSSION

The standard for reviewing the final decision of the Secretary requires that the finding be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *State of New York o/b/o Stein v. Secretary of Health and Human Services*, 924 F.2d 431, 433 (2d Cir.1991). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). Furthermore, the conclusive effect of this standard applies both to the Secretary's evidentiary findings and to any inferences and conclusions from those findings. *Rodriguez v. Califano,* 431 F.Supp. 421, 423 (S.D.N.Y.1977). Most importantly, a "[c]ourt may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon *de novo* review." *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (quoting *Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1041 (2d Cir.1984)).

■ In order to qualify for Medicare coverage in an SNF, an applicant must have been admitted to a hospital for at least three days immediately prior to admission to the SNF.[1] If this prerequisite is not met, the Secretary is authorized to deny Medicare reimbursement. *See* 42 U.S.C. § 405(a). A "skilled nursing facility" is defined as a facility primarily engaged in providing skilled nursing care, rehabilitation services, and related services to its residents. 42 U.S.C. § 1395i–3(a) (1988). Hospitals and SNFs provide different types of services.[2] Generally, an SNF is used to provide "extended care services" to individuals who require post-hospital care.[3] The Act states that "post-hospital extended care services" means extended care services furnished an individual after transfer from a hospital in which he was an inpatient for not less than 3 consecutive days before his discharge in connection with such transfer." 42 U.S.C. § 1395x(i) (1988). This sentence in the Act sets forth as a prerequisite for Medicare coverage. Since Plaintiff did not have a three-day hospital stay before being admitted to the Loeb Center, the ALJ concluded that Plaintiff is not entitled to Medicare reimbursement.

Plaintiff argues that reimbursement is appropriate pursuant to the exceptions enumerated in § 1395pp of the Act. If the requisites for these exceptions are met, an applicant will be reimbursed even if previously denied Medicare coverage for an SNF stay. However, these exceptions only apply in two specific instances. The first instance is where an applicant was denied coverage because the services received in the SNF were not reasonable and necessary, and the second is if the services received were merely custodial. In these limited situations, the Act provides for reimbursement if both the applicant and the service provider did not know, or could not reasonably have been expected to know, that payment would be denied.[4]

Plaintiff stresses that she was unaware that coverage would be denied, but this emphasis is misplaced. The reason for Plaintiff's denial of coverage was that she lacked the prerequisite three-day stay in a hospital. Section 1395pp only applies when the denial was based on the two reasons discussed above. Since the stated reason for the denial is not one that is included in § 1395pp, Plaintiff's knowledge or lack thereof regarding the denial of coverage becomes irrelevant. Plaintiff was denied payment because she did not have a three-day hospital stay, not because her care was not reasonable and necessary, nor because her care was merely custodial. Plaintiff submitted no evidence tending to show that either of the bases contained in § 1395pp were applicable to her. Instead, Plaintiff asks for the court to extend the application of this section to her situation. Section 1395pp specifically lists only two de-

---

1. 42 U.S.C. § 1395x(i) states in pertinent part: a patient is deemed to have been immediately transferred from a hospital to an SNF if that patient is admitted to the skilled nursing facility (A) within 30 days after discharge from such hospital, or (B) within such time as it would be medically appropriate to begin an active course of treatment. *Id.*

2. *See generally* 42 U.S.C. § 1395x(e), (i) (listing of services provided in hospitals and extended care facilities, respectively).

3. 42 U.S.C. § 1395x(h) (1988).

4. 42 U.S.C. § 1395pp(a) provides for recovery of payments where a beneficiary was denied coverage pursuant to § 1395y(a)(1) or (9) if the individual and provider of services did not know, and could not reasonably have been expected to know, that payment would not be made. *Id.* Plaintiff also seeks reimbursement under subsection (b). However, the same criteria regarding the basis of the denial applies. This analysis applies with equal force to subsection (b).

nial bases; to suggest that other bases were intended to be applied to this section would alter the meaning of the statute. There is no statutory authority or case law providing for reimbursement based on lack of knowledge when the denial basis was the failure to satisfy a prerequisite, such as the three-day hospital stay. Accordingly, the ALJ's decision regarding the inapplicability of these sections to Plaintiff's case is supported by substantial evidence.

Plaintiff further asserts that she is entitled to reimbursement pursuant to § 1395pp(e). This section allows reimbursement where an applicant is denied Medicare coverage due to some administrative error in connection with the transfer of the individual from a hospital or skilled nursing facility.[5] The Loeb Center requested that Plaintiff pay upon admission. Plaintiff, although confused about this request, complied nonetheless. The ALJ concluded that the Loeb Center was aware that Plaintiff's SNF stay might not be covered. (R. 19). There is no evidence of administrative error in connection with Plaintiff's transfer. In addition, the fact that a social worker may have attempted to gain coverage for Plaintiff's stay does not constitute a "clearly erroneous" administrative decision by the Loeb Center as is required by § 1395pp(e). Plaintiff was not denied coverage because of an error in connection with her transfer to an SNF. Rather, she was denied coverage because she lacked a prior three-day hospital stay. Therefore, the ALJ's finding regarding § 1395pp(e) is also supported by substantial evidence.

Plaintiff makes the additional argument that she was denied equal protection. While Congress may not invidiously discriminate among such claimants on the basis of criteria which bear no rational relation to a legitimate legislative goal, "a noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status." *Weinberger v. Salfi*, 422 U.S. 749, 772,

95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975) (citations omitted). Section 1395x(i) requires that all patients in an SNF must have had a prior three-day hospital stay in order to be eligible for Medicare coverage. Additionally, Plaintiff has not shown that others similarly situated are or have been given different treatment under the statute, either on its face, or as applied. As such, Plaintiff has not established a denial of equal protection.

For the above mentioned reasons, I find that the ALJ's decision is supported by substantial evidence. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion for judgment on the pleadings is granted.

There is no doubt that this is a decision which is unfortunate to the claimant. In light of our sense of justice, one might be left with the impression that the result is somewhat "unfair." But the law requires this decision. If the Congress is left with the belief that this result is unfair, it can change the law, order changes in the regulations, or consider a private bill.

SO ORDERED.

---

5. 42 U.S.C. § 1395pp(e) (1988) states that:
   [w]here payment for inpatient hospital services or extended care services may not be made ... solely because of an unintentional, inadvertent, or erroneous action with respect to the transfer of such individual from a hospital or skilled nursing facility ... on the basis of a clearly erroneous administrative decision by a provider of services, the Secretary shall take such action with respect to the payment of such benefits as he determines may be necessary....
   *Id.*